Jeffrey Miller
jeffrey.miller@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
Telephone: (650) 319-4500

Marc A. Cohn
ARNOLD & PORTER KAY SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
~~jeffrey.miller@arnoldporter.com~~
Marc.cohn@arnoldporter.com

ATTORNEYS FOR DEFENDANT
CHARTER COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 3:23-cv-01346-H-KSC ~~Misc. No. _____~~<br><br>~~PENDING IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS~~<br><br>~~Civil Action No. 2:22-cv-00125-JRG~~<br><br>**~~JURY TRIAL REQUESTED~~**<br><br>**AMENDED MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF CHARTER COMMUNICATIONS, INC.'S MOTION TO COMPEL THIRD PARTY PATRICK TIERNEY TO PRODUCE DOCUMENTS, INFORMATION AND OBJECTS AND TO APPEAR FOR DEPOSITION**<br><br>~~Judge: _____~~<br>~~Courtroom: _____~~<br>~~Hearing Date: _____~~ |

_____    AMENDED MEMO OF POINTS AND AUTHORITIES
                        IN SUPPORT OF MOTION TO COMPEL

1    ~~Time of Hearing: _____~~

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This is a miscellaneous action brought pursuant to Federal Rule of Civil Procedure 45(c)(1)(A) and 45(c)(2)(A) to compel discovery in connection with a lawsuit for patent infringement pending in the United States District Court for the Eastern District of Texas, *Entropic Communications, LLC, v. Charter Communications, Inc.*, No. 2:22-cv-00125-JRG (the "Texas Action"). Defendant Charter Communications, Inc. ("Charter") respectfully moves the Court for an Order compelling Patrick Tierney ("Tierney"), a third-party, to produce documents and information and to appear for deposition as required by two subpoenas (the "Subpoenas," Ex. A[1]), issued from the Eastern District of Texas to Tierney.

Tierney is an inventor on two of the six patents-in-suit, and he was also identified by other witnesses at deposition as someone most knowledgeable on certain issues, including statements made by plaintiff's predecessor-in-interest to Charter. Tierney's testimony is, therefore, important to Charter's defenses against Entropic Communications, Inc.'s ("Entropic") patent infringement claims against Charter in the Texas Action.

The deadline to complete fact discovery and file motions to compel discovery in the Texas Action is July 21, 2023. Because Tierney has previously refused to appear for the deposition, or to confirm that he has provided any responsive documents, and has since ceased responding to counsel's communications, Charter is forced to file this motion to compel to preserve its rights to obtain and review the requested discovery after the deadline in the Texas Action. Accordingly, Charter respectfully requests that this Court issue an order requiring Tierney to produce the requested discovery and to appear for his deposition, which Charter does not expect to take more than a couple hours on the record.

## BACKGROUND

On April 27, 2022, Entropic commenced patent infringement litigation

---

[1] All Exhibits referred to herein are attached to the Amended Declaration of Marc A. Cohn.

against Charter, asserting infringement of six patents owned by Entropic.  (See Ex. B).  Tierney is a named inventor on two of these patents: U.S. Patent No. 8,792,008 (the "'008 Patent) and U.S. Patent No. 9,825,826 (the "'826 Patent).  (*See* Exs. C and D).

In May 2023, Charter issued two third party subpoenas to Tierney to (1) testify at a deposition and (2) to produce documents and information as identified in an attachment thereto. (Ex. A)

As a co-inventor on two asserted patents, the requested discovery from Tierney is clearly relevant. Indeed, every other named inventor on the asserted patents—a total of 8 individuals—agreed to be deposed and to provide responsive documents in their possession. Tierney is the lone holdout.

Charter attempted to work with Tierney to make the deposition as convenient as possible.  (*See* Ex. E (Email from Tierney to Boardman, May 15, 2023 at 6:04 PM), Ex. F (Email from Boardman to Tierney, June 29, 2023 at 3:31PM); Ex. G (Email from Tierney to Boardman, June 30, 2023 at 1:43 PM); Ex. H (Email from Boardman to Tierney, June 30, 2023 at 2:36 PM); Ex. I (Email from Tierney to Boardman, July 1, 2023 at 8:19 AM); Ex. I (Email from Boardman to Tierney, July 15, 2023 at 5:43 PM); Ex. K (Email from Cohn to Tierney, July 17, 2023 at 10:56 AM).)

Initially, Tierney agreed to appear for deposition "for no more than 15 minutes on July 13th at 3:30pm PDT." This was not sufficient, nor was counsel available at that time. (*See* Ex. I.) Counsel reached out again to work out another time, but Tierney did not respond. (*See* Ex. J.) In a last effort to obtain his cooperation, on July 17, counsel for Charter stated it would be willing to conduct the deposition at any time that worked for Tierney, including before or after business hours or even on a weekend. Counsel acknowledged Tierney's limited time, and noted that 15 minutes was not enough, but it was willing to limit the examination to one hour as a compromise. (*See* Ex I.) Tierney did not respond.

4

AMENDED MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL

Tierney has yet to produce any documents and has refused to make himself available to be deposed.

## ARGUMENT

Given the relevance of this discovery to Charter's defenses, including the non-infringement, invalidity and unenforceability of the '008 and '826 Patents, there is no basis for Tierney's refusal to produce the requested discovery and to make himself available for deposition.  Every citizen in this country has a duty to abide by Rule 45 subpoenas if the requested information is relevant and not unduly burdensome, as every other third-party inventor in the Texas Action acknowledged. Charter and Tierney have corresponded regarding Charter's discovery requests for over two months, and Charter has limited its requests to minimize any burden on Tierney. However, Charter now faces the close of discovery in the Texas Action and Tierney is yet to produce any relevant discovery or provide any testimony.

As to relevance, Charter has requested information within Tierney's possession or knowledge regarding the patents that Entropic has asserted against Charter (including the patents of which he is a named inventor).  This includes:

- the problem sought to be solved by the claimed inventions. A co-inventor of Tierney, Mr. Timothy Gallagher, testified at deposition that Tierney was the one who identified the problem to be solved, and Charter should be permitted to obtain Tierney's testimony on this aspect at least because it relates to the invalidity of the patents.  (*See, e.g.*, Ex. L (Gallagher Rough Tr.) at 31:8-14.)  *See also KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 420 (2007) ("any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed").
- whether Charter was given any notice that the asserted patents were embodied in any products sold by Entropic's predecessor-in-interest (a

~~company called "MaxLinear"). The corporate designee for MaxLinear, Mr. Curtis Ling, testified at deposition that Tierney was most knowledgeable about such statements. (Ex. M (Ling Rough Tr.) at 228:23-229:14.) This issue relates to damages, because for certain patent claims damages do not accrue unless products embodying the patents have been properly "marked" under 35 U.S.C. § 287.~~

- Tierney's knowledge of the market for products embodying the asserted patents, which goes to damages;
- information as to whether any products embody any of the asserted patents;
- reduction to practice (e.g. prototyping) of any claimed inventions (including the dates of such reduction to practice);
- prosecution of any of the patents asserted by Entropic against Charter;
- Tierney's relationship to Entropic and prior assignees of the asserted patents; and
- any industry standards that may relate to the asserted patents.

Because Tierney has been unwilling to at least sit for a deposition, even a brief deposition, Charter requests that the Court order Tierney testify at a deposition regarding the subject matter of the documents in the subpoenas. Charter is willing to limit the deposition to two hours on the record.

## **CONCLUSION**

Any confidential information of Tierney is well protected under the terms of the Protective Order in the Texas Action. As such, Charter respectfully requests that the Court order Tierney to provide the requested discovery to Charter pursuant to the Subpoenas.

Dated: July ~~21~~31, 2023.                    Respectfully submitted,

6
_____   AMENDED MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ Jeffrey Miller
Jeffrey Miller
~~Marc A. Cohn~~
**ARNOLD & PORTER KAY SCHOLER LLP**
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
Telephone: (650) 319-4500 ~~601 Massachusetts Avenue NW~~
~~Washington, DC 20001-3743~~
~~Telephone: (202) 942-5000~~
jeffrey.miller@arnoldporter.com
~~Marc.cohn@arnoldporter.com~~

Marc A. Cohn
ARNOLD & PORTER KAY SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Marc.cohn@arnoldporter.com

**ATTORNEYS FOR PLAINTIFF CHARTER COMMUNICATIONS, INC.**

7

AMENDED MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL