# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| Entropic Communications, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-00125-JRG |
| Charter Communications, Inc. | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Patrick Tierney

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: At a mutually convenient location to be determined, or remotely | Date and Time: 06/26/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically, video, audio, LiveNote

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/12/2023

| *CLERK OF COURT* | OR | /s/ Albert J. Boardman |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Charter Communications, Inc. , who issues or requests this subpoena, are:

Albert J. Boardman, Arnold & Porter Kaye Scholer LLP, 250 W. 55th St., New York, NY 10019-9710, Phone: 212-836-8000, Email:  albert.boardman@arnoldporter.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00125-JRG

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| Entropic Communications, LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-00125-JRG |
| Charter Communications, Inc. | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Patrick Tierney

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Arnold & Porter Kaye Scholer LLP<br>777 South Figueroa Street, 44th Floor,<br>Los Angeles, CA 90017-5844 Attn: Albert Boardman | Date and Time:<br>06/19/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/12/2023

*CLERK OF COURT*

OR

/s/ Albert Boardman

*Signature of Clerk or Deputy Clerk*                                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Charter Communications, Inc. , who issues or requests this subpoena, are:

Albert Boardman, Arnold & Porter Kaye Scholer LLP, New York, NY 10019, albert.boardman@arnoldporter.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00125-JRG

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

The following definitions shall apply throughout these requests, regardless of whether upper or lower case letters are used:

1. "You," "Your," and "Named Inventor" shall refer to Patrick Tierney.

2. "Plaintiff" or "Entropic" or "Entropic Communications" shall mean Entropic Communications, LLC, a Delaware limited liability company and the plaintiff in this litigation, including without limitation any and all other entities that have ever had any ownership or interest in any of the Asserted Patents, as well as its predecessors or successors in interest, agents, representatives, employees, managers, directors, officers, equity holders, consultants, attorneys, or entities acting in conjunction, joint venture, or partnership with any of them, or any entities that are wholly or partially owned or controlled by, or under common control of, Entropic or its attorneys.

3. "Defendant" or "Charter" or "Charter Communications" shall mean Charter Communications, Inc.

4. "Action" shall mean the above-referenced litigation, styled as *Entropic Communications, LLC v. Charter Communications, Inc. et al*, case No. 2-22-cv-00125-JRG-RSP.

5. The "Asserted Patents" shall mean U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), and 10,135,682 (the "'682 Patent") collectively, and any other currently or subsequently asserted patents by Entropic in the above-captioned Action against Defendant.

6. "Related Patents" shall mean any parent patent application or any direct or indirect continuation, continuation-in-part, divisional, reexamination or reissue patent application of any of the Asserted Patents and/or any patent which issues or has issued on a patent application related to any of the Asserted Patents, including, without limitation, any patent or patent application individually and collectively that (i) claims priority from any of the Asserted Patents, (ii) is identified as priority for any of the Asserted Patents, or (iii) claims priority to any application to which any Asserted Patents claim priority.

7. "The Asserted Claims" shall mean and refer to each and any claim of the Asserted Patents that Entropic contends Charter infringes, or any amendment thereto, and includes at the time of this request: claims 18 and 19 of the '775 Patent; claims 1, 7-9, 11, 15, and 16 of the '690 Patent; claims 1 and 2 of the '008 Patent; claim 11 and 12 of the '362 Patent; claims 1-4 and 6-9 of the '826 Patent; and claims 1-3 of the '682 Patent.

8. "Inventors" means any and all of the inventors of any invention claimed by any of the Asserted Patents.

9. The term "prior art" as used shall include any reference, document, patent, publication, subject matter, event, or other matter set forth or relevant under 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

10. "Product" shall mean a machine, manufacture, apparatus, device, instrument, mechanism, appliance, composition of matter, assemblage of components/parts (either individually or collectively), process, or method which is designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, or under development.

11. "Document" shall mean, without limitation, all written, graphic or otherwise recorded material, including without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, Communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, interoffice memoranda or written Communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as email.

12. "Communication(s)" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("email").

13. "Thing" or "Things" shall be understood to include all physical item(s) that are not considered "documents" and shall have the broadest interpretation ascribed to it by the Federal Rules of Civil Procedure.

14. "Person" shall mean both natural persons (living or deceased), corporate or other business entities, and/or legal and governmental entities or associates. The acts and knowledge of a Person are defined to include the acts and knowledge of a corporate or other business entity's directors, officers, members, employees, representatives, agents, and attorneys.

15. "Software" shall mean, but is not limited to, all forms of code including but not limited to source code, object code, firmware, compiled code, byte code, interpreted code, and any form of code stored in any storage medium (for example, ROM or Flash RAM chips) or transmitted via any transmission medium. "Software" further includes files written in any programming language, including but not limited to "C," "C++," "Java," "C#," "Perl," "Python," "SQL," assembly language, VHDL, Verilog, digital signal processor (DSP) programming language, "make" files, "include" files, script files, link files, XML descriptor files, manifests, and other human-readable text files used in the generation and/or building of Software directly executed on a microprocessor, microcontroller, and/or DSP.

16. "Source code" shall mean any text that is written in a human-readable programming language. Source code for different versions of software may exist, where a version is referenced by a build number, product version number, or other designation as identified by Bell's source code control system and/or software development practices. A reference to "source code" shall mean all versions of the software released as a commercial product or used in the construction of software released as a commercial product. Source code should be produced in an electronic form that maintains the original character encoding of the text searchable by character-based tools without the need for Optical Character Recognition (OCR) of a binary image (for example, TIFF) file. Source code should maintain the original character encoding of the text and maintain format

control characters including but not limited to tab, space, and quotation characters to maintain the original programmer-intended indenting structure.

17.     "Relate to" or "Related to" or "Relating to" or "Relates to" shall mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

18.     "DOCSIS" shall mean any version of the Data Over Cable Service Interface Specification.

19.     "Request" means any of the Requests for Documents and Things as listed in Attachment A.

20.     "Topic" means any of the Deposition Topics listed in Attachment B.

21.     The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these requests.

22.     As used in these Requests, the singular and masculine form of a noun or pronoun embraces the plural, the feminine, or the neuter form where appropriate.

23.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

24.     Whenever a request is stated in the singular, it shall also be taken in the plural, and vice versa.

25.     "Relevant Technologies" shall refer to: (1) full band capture processing of signals received from a cable network; (2) signal analysis, signal monitoring, spectrum monitoring, and/or sending of data related to signal analysis, signal monitoring, or spectrum monitoring capabilities, including signal analysis and monitoring using full band capture techniques; (3) generating and/or transmitting messages and/or probes in response to a request from a cable modem termination system (CMTS) and/or converged cable access platform (CCAP); (4) determining, utilizing, and/or

5

modifying parameters to transmit and/or receive data via one or more communication channels; (5) processing of data and communications between processors and/or components of full band capture cable modem/gateway system-on-chips (SoCs); (6) physical or logical partitioning of cable modem/gateway SoC functionality; and (7) firmware, middleware, and/or any other software updates of relating to any components (e.g., processors, controllers, and the like) of full band capture cable modem/gateway SoCs.

## INSTRUCTIONS

The following instructions apply to each specific request herein unless otherwise explicitly stated.

1.  Produce all responsive documents, electronically stored information, and tangible things in your possession, custody, or control, wherever located, in the manner in which they are maintained.

2.  If you know of the existence, past or present, of any documents or things requested below, but are unable to produce them, state and identify such documents and things, and the person who has possession, custody, or control.

3.  If any document requested herein has been lost, discarded, or destroyed, please identify (i) the date of the document; (ii) the subject matter of the document; (iii); the type of document (email, internal report, etc.); (iv) its authors and recipients; (v) such other information as is sufficient to identify the document; and (vi) state the reason(s) the document was lost, decarded or destroyed as well as the person(s) responsible.

4.  If any document is withheld from production on the basis of privilege, immunity, or any similar claim, please provide a privilege log containing the following information concerning each discrete claim of privilege or protection: (i) the date of the document; (ii) the subject matter of the

document; (iii); the type of document (memorandum, pamphlet, report, etc.); (iv) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, and any other recipient to each other; and (v) an explanation of the basis for withholding the document.  If you withhold records in whole or in part on the basis of a claim of a privilege or protection, wherever possible withhold only that portion of a record over which you assert a claim of privilege or protection.

5.  All documents requested are to be produced in their entirety without abbreviation or redaction, including all drafts and attachments and in the same file or other organizational environment in which they are maintained.

6.  These requests seek all responsive documents in their original language, and if the original language is not English, these requests also seek all English-language translations that may exist for any such documents.

7.  If you object to the scope or breadth of any requests, respond within the scope or breadth of production you contend is proper and define the scope or breadth in which you have responded.

8.  If you object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed by you to such words for purposes of your response thereto.

## **DOCUMENTS TO BE PRODUCED**

1.  You most recent resume or curriculum vitae.

2.  All Documents and Communications Relating to the Asserted Patents.

3.  All Communications between You and any other third party, including, but not limited to

  a. Entropic;

  b. MaxLinear Inc.;

  c. MaxLinear Communications, LLC;

  d. Entropic Communications, Inc.;

  e. CableLabs; and

  f. Multimedia over Coax Alliance ("MoCA")

Relating to the Asserted Patents, the subject matter of the Asserted Patents, and/or any of the Relevant Technologies.

4. All Documents and Communications that reflect any comparison of the subject matter of any of the Asserted Patents with any version of the DOCSIS standard.

5. All Documents and Communications that reflect any incorporation of the subject matter of any of the Asserted Patents into any version of the DOCSIS standard.

6. All Documents and Communications that reflect any comparison of the subject matter of any of the Asserted Patents with any standard adopted by MoCA.

7. All Documents and Communications that reflect any incorporation of the subject matter of any of the Asserted Patents into any standard adopted by MoCA.

8. All Documents and Communications Relating to Your role in or knowledge of the preparation, filing, or prosecution of the patent applications Related to the alleged inventions disclosed in any of the Asserted Patents or any Related Patents.

9. All Documents and Communications Relating to any embodiments or implementations for practicing the alleged inventions of any of the Asserted Patents or of any Related Patent.

10. All Documents and Communications Relating to any affidavit, declaration, statement, or report ever given by You Related to any of the Asserted Patents or to any Related Patent.

11.     All Documents and Communications Relating to any oral or written opinions, investigation, analysis, tests, or other determinations Relating to the scope, patentability, unpatentability, enforceability, unenforceability, validity, invalidity, infringement or non-infringement of any claim of any of the Asserted Patents or any Related Patent, including, but not limited to, all Documents and Communications Relating to any opinion of counsel, all Documents and Communications generated or reviewed in the drafting or preparation of any opinion of counsel, and all searches, investigations, reviews, tests, or analysis, whether oral or in writing.

12.     All Documents and Communications Relating to the validity, enforceability, infringement, patentability, or scope of any claim of the Asserted Patents or any Related Patent.

13.     All Documents and Communications Relating to the state of the art, as of or before the effective filing date of each Asserted Patent, relative to the subject matter shown, described, or claimed in the Asserted Patents, and the educational background, experience, or other necessary capabilities of one of ordinary skill in the art.

14.     All Documents and Communications concerning textbooks, articles, patents, patent applications, patent publications, dictionaries, or other sources consulted, gathered, or reviewed in drafting or prosecuting any of the Asserted Patents or any Related Patent.

15.     All Documents and Communications concerning any unique or specialized meaning (different from its everyday common use) of any word or phrase contained in any of the Asserted Patents or in any Related Patent.

16.     All Documents and Communications Relating to Your understanding of the following terms recited in one or more claims of the '008 Patent: data processor; channelizer; signal monitor.

17.     All Documents and Communications related to any decision by You to seek patent protection for the subject matter of any of the Asserted Patents or any Related Patent.

18. Documents sufficient to identify any and all individuals who assisted in the conception, reduction to practice, or otherwise contributed to the development of any invention claimed or disclosed in the Asserted Patents or any Related Patent.

19. All Documents and Communications concerning the first disclosure, display, embodiment, use, or demonstration of any alleged invention disclosed or claimed in any of the Asserted Patents or in any Related Patent.

20. All Documents and Communications concerning the design, development, manufacture, modification, testing, analysis, operation or use of any product Relating to the subject matter disclosed or claimed in any of the Asserted Patents or in any Related Patent.

21. All Documents and Communications concerning the marketing, licensing, public use, offer for sale, and/or sale of any Product Relating to the subject matter disclosed or claimed in any of the Asserted Patents or any Related Patent.

22. All Documents and Communications Relating to any payments received by You or paid by You relating to any of the Asserted Patents or any Related Patent, including payments received or paid based on prosecution, licensing, or litigation activities relating to any of the Asserted Patents or any Related Patent.

23. All Documents and Communications concerning any employment, consulting or other relationship or agreement between You and Entropic or its affiliates or agents, including, without limitation, Entropic's counsel.

24. All Documents relating to Your assignment of rights to any of the Asserted Patents or any Related Patent.